IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CHRYSTAL WILKERSON ) | |
| ) | Bankruptcy Case No. 14-00582 |
| DEBTOR ) | Chapter 13 |
| _____) | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CONFIRMATION OF CHAPTER 13 PLAN

COMES NOW, Chrystal Wilkerson, by counsel and respectfully submits this memorandum of points and authorities in support of confirmation of chapter 13 plan.

### QUESTION PRESENTED

Whether the Debtor may take the full housing expense deduction proscribed by the IRS's National and Local Standards on the means test (11 U.S.C. § 707(b)(2)(A)(ii)(I)) when her actual expense is a lower amount?

### STATEMENT OF FACTS

Chrystal Wilkerson ("Ms. Wilkerson") filed a voluntary petition under chapter 13 of the United States Bankruptcy Code (the "Bankruptcy Code") with the Clerk of this Court on October 4, 2014. Ms. Wilkerson is a hardworking single mother with two jobs and no child support. She is successful. Ms. Wilkerson makes $115,000 a year working for the Department of Justice and approximately $10,000 as a part-time relator. Ms. Wilkerson is also drowning in debt. She owes $119,562.31 to her unsecured creditors a large portion of which is non-priority, dischargeable tax debt. The purpose of Ms. Wilkerson's bankruptcy case was to provide breathing room for her and to pay back a substantial portion of her debt.

Ms. Wilkerson's Second Amended Plan pays $900 per month for 2 months, $1,100 per month for 2 months and $1,500 per month for 56 month. [Docket #36]  Over five years the total

base funding is $88,000. From that amount, only $5,332.24 will be paid to cure secured mortgage arrears with the balance devoted to unsecured creditors. Schedules I/J demonstrate $896.92 available as disposable income. The chapter 13 Trustee has not objected to any of the amounts on I/J. [Docket #1] The Debtor's means test or current monthly income states that she should pay $249.35 to unsecured creditors. [Docket #4] Thus, Ms. Wilkerson's Second Amended Chapter 13 Plan pays $604 per month more to unsecured creditors than Schedules I/J would dictate or $1,250 per month more than the means test demands.

I. **THE DEBTOR'S SECOND AMENDED PLAN SHOULD BE CONFIRMED BECAUSE THE DEBTOR'S MEANS TEST IS CALCULATED CORRECTLY**

Line 25(b)(2) is an allowance and not a cap. A debtor may take the full deduction [on Line 25(b)] if they have some expense for mortgage or rent. *See In re Miranda*, 449 B.R. 182, 196 (Bankr. D.P.R. 2011). Line 25(b)(2) works in conjunction with Line 47 of the Means Test, which is the deduction for payment to secured creditors. As Line 25 goes down, Line 47 goes up until line 25 is $0. For example, if a debtor's monthly mortgage payment is $3,000 and the IRS Local Standard is $2,000 then Line 25(B) is $0. Here, Ms. Wilkerson's mortgage payment is $923 and the IRS housing allowance is $1,910. Completing the means test pursuant to Congress' instructions the actual expense ($923) is deducted from the IRS allowance ($1910). Therefore, Ms. Wilkerson's deduction on Line 25B is the difference of $987.

The gist of the Trustee's argument is that Ms. Wilkerson is using a fictional number on Line 25B because her actual expense is $923. Some courts have, in fact, held that a Debtor is capped to the actual amount. "The Court holds that the home and vehicle allowances serve only to operate as a "cap" on the amount the Debtors may deduct, when their average monthly secured home and vehicle payments *exceed* the Standard amounts." *In re Harris*, 522 B.R. 804, 812, 2014 Bankr. LEXIS 5147, 14-17 (Bankr. E.D.N.C. 2014). Courts, like the *Harris* Court, are expanding

on *Ransom v. FIA Card Services, N.A.* for the proposition that Congress intended the means test to limit deductions to the amount actually spent on a monthly basis. *See generally*, *Ransom v. FIA Card Services, N.A.* 131 S.Ct. 716 (2011). As to housing expenses this is a bridge too far. For starters, no one is questioning whether Ms. Wilkerson has a housing expense. (In *Ransom*, the Debtor attempted to claim a car expense when he had none.) To further distinguish the Harris case, Ms. Wilkerson's mortgage expense is *below* the standard allowable amount. Ms. Wilkerson's evident frugality in maintaining a mortgage expense below the standard is a reflection of her good faith efforts at economy. The idea of a "cap" to disallow excessive expenses above the standard amounts is an entirely different circumstance. Neither the Trustee nor the *Harris* Court can adequately explain why 25B would state "net" if the intent of Congress was to put a cap on housing expenses. "Had Congress wished the Standards to act as a cap rather than an allowance, it knew what language to use." *In re Morgan*, 374 B.R. 353, 362 (Bankr. S.D. Fla 2007.)

## II. THE PLAN SHOULD BE CONFIRMED BASED ON THE TOTALITY OF THE CIRCUMSTANCES IN THIS CASE

In looking at the totality of the circumstances in this case, Ms. Wilkerson is paying over $80,000 to the general unsecured creditors. The Supreme Court determined that projected disposable income should be determined by a forward-looking approach in certain cases. *Hamilton v. Lanning*, 130 S. Ct. 2464, 177 L. Ed. 2d 23 (2010). Ms. Wilkerson's schedules I/J represent the forward projection of disposable income at $896 per month. Ms. Wilkerson's plan, at nearly double that amount, far exceeds the expected distribution to unsecured creditors. In fact, general unsecured creditors will receive a distribution of more than 60% which is far more than her schedules command.

**CONCLUSION**

The Debtor has met her burden and submitted a confirmable plan under the Bankruptcy Code. The Court should overrule the Trustee's Objection and enter a confirmation order.

| | |
|---|---|
| Dated: Annapolis, Maryland<br>April 7, 2015 | Respectfully submitted on behalf of Debtor,<br><br>*/s/ Morgan W. Fisher*<br>Morgan W. Fisher (#486159)<br>Law Offices of Morgan Fisher LLC<br>172 West Street<br>Annapolis, MD 21401<br>PH: 410-626-6111<br>mwf@morganfisherlaw.com<br><br>*Attorney for Debtor* |

## CERTIFICATE OF SERVICE

Morgan W. Fisher an attorney licensed to practice law in the District of Columbia hereby certifies that on this 7th day of April, 2015 a copy of the foregoing pleading was served via U.S. Mail or cm/ecf to all parties on the master mailing matrix.

Respectfully submitted,

*/s/ Morgan W. Fisher*
Morgan W. Fisher