The document below is hereby signed.

Signed: April 17, 2015



*S. Martin Teel, Jr.*
*S. Martin Teel, Jr.*
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CRYSTAL L. WILKERSON, | ) | Case No. 14-00582 |
| | ) | (Chapter 13) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER RE DEBTOR'S
<u>OBJECTION TO ARREARAGE CLAIM OF WELLS FARGO BANK, N.A.</u>

The debtor's objection to the claim of Wells Fargo Bank, N.A. (Dkt. No. 31, as amended by Dkt. No. 34), questions the prepetition arrearage amount claimed by Wells Fargo, stating:

> 3. The claim asserts that the arrearage amount is based on one installment of $42.04 and twenty-three installments of $510.42. (see page 4 of the claim attached at Exhibit 1).
> 4. The Debtor disputes this arrearage amount as it is inconsistent with the monthly statements issued by Wells Fargo. The monthly statement dated October 2, 2014 is attached as *Exhibit* "2".
> 5. The Debtor seeks a full payment history and clarification as to the calculation of the arrearage amount.

I fail to see how the monthly statement is inconsistent with the proof of claim's calculation of the arrearage amount. That statement does not purport to include a statement of arrears.

Instead, it specifically states that the balance shown is the "principal balance only (and does not include interest and/or fees)."[1]  The statement shows only $550.00 in payments having been received in the year 2014 as of October 2, 2014.  The proof of claim, on the other hand, suggests that monthly payments of $510.42 were required, and if the statement is correct that only $550.00 in total payments had been received in 2014 as of October 2, 2014, that is consistent with there being a substantial number of missed payments for 2014 alone.  The monthly statement is silent as to missed payments in prior years.  Moreover, the debtor does not contend that no arrearage is owed, and has failed to offer her own calculation of the arrearage owed.

    A properly filed proof of claim is "prima facie evidence of the validity and amount of the claim."  Fed. R. Bankr. P. 3001(f).  The monthly statement filed by the debtor fails to rebut the prima facie validity of Wells Fargo Bank, N.A.'s claim.  If the debtor believes that a detailed account history will reveal errors in the bank's calculation of the arrearage amount, she is free to make a request under Fed. R. Bankr. P. 2004 for a full payment history, and any documents pertinent to calculation

---

[1] The statement includes a section titled "Payment Information," listing a "Total Payment" of $170,269.25.  Although confusing at first, a review of the loan instrument reveals that this is an equity line of credit, with that stated amount reflecting payments made to the debtor rather than payments made by the debtor.

2

of the arrearage amount.  Once the debtor obtains such a production of documents, the debtor can file an amended objection to claim supported by evidence demonstrating the appropriate arrearage amount.   It is

ORDERED that the debtor's objection to claim of Wells Fargo Bank, N.A. is overruled without prejudice to the filing of an amended objection to claim supported by evidence that rebuts the prima facie validity of the claim.

                                        [Signed and dated above.]

Copies to: Recipients of e-notification of orders;

Wells Fargo Bank, N.A.
c/o Pennie Cruchelow
Home Equity Group
1 Home Campus X2303-01A
Des Moines, IA 50328-0001

Wells Fargo Bank, N.A.
c/o John G. Stump
President and CEO
420 Montgomery Street
San Francisco, CA 94101