**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF COLUMBIA**

IN RE
CRYSTAL L. WILKERSON                    :    Chapter 13 Case No. 14-00582
    Debtor

**TRUSTEE'S RESPONSE/OBJECTION TO DEBTOR'S MEMORANDUM**

Comes now Cynthia A. Niklas, Esquire, Trustee of the above-captioned matter, and objects to debtor's Memorandum filed herein on April 8, 2015 and consistent with the Trustee's pending Objection to Confirmation, states as follows:

1. The pre-petition scheduled annualized current §101(10A) income of $125,514.00 **is greater than** the applicable median family income of $90,540.00.

2. The total monthly income is $10,673.00 (consisting of 03/15 verified annualized income of $9,587.00 and 2014 1099 self-employment income of $1,086.00). The amount reasonably necessary to be expended in accordance with §707(b)(2) expenses is $8,017.00 which includes the disallowance of the total amount of $1,189.00 per month consisting of non-existent home expense and non-existent motor vehicle expense $202.00 per month but consistent with Form B22C and debtor's desire to have "breathing room." The disposable monthly income available for plan payments is minimum $2,656.00. The proposed monthly plan payments are minimum $900.00/$1,100.00/$1,500.00 per month for 2/2/56 months with total minimum funding of $88,000.00. The Trustee therefore contends that the debtor has met the burden of proving that the proposed plan is feasible but fails to meet the projected disposable income test of

11 U.S.C. §1325(b)(1)(B) in regard to payments to unsecured creditors under the plan during the applicable 5-year commitment period of 11 U.S.C. §1325(b)(4)(A)(ii).

3. The issues presented are as follows:

a. Whether, in calculating "projected disposable income," the above-median-income debtor is entitled to deduct from the current monthly income the *greater* or the *lesser* of the actual home and motor vehicle ownership payments and the corresponding Local Standards promulgated by the IRS.

b. Whether Form B22C used by above-median-income debtor to calculate the "projected disposable income" is merely a form or whether it is controlling when inconsistent with Bankruptcy Code.

4. Allowance of said non-existent expenses is in direct violation of the court's directive in the historic *Lanning* decision, Hamilton v. Lanning, 560 U.S. 505, 130 S. Ct. 2464 (2010) which requires a "forward-looking approach."

5. Allowance of said non-existent expenses is likewise in direct violation of the Supreme Court's directive in the historic *Ransom* decision, Ransom v. FIA Card Services, 562 U.S. 61 131 S. Ct. 716 01/11/11. In the first sentence of that decision, Justice Kagan began with a quote from Milavetz, Gallop & Milavetz, P.A. v. U.S., 130 S. Ct. 1324 (03/08/10): "Congress enacted the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005...to correct perceived abuses of the bankruptcy system...Congress enacted the means test...to help ensure that debtors who *can* pay creditors *do* pay them." She continued with a quote from the House Report that accompanied BAPCPA, "Congress

adopted the means test...to help ensure that debtors who *can* pay creditors *do* pay them." 131 S. Ct. at 721.

In *Ransom*, the Supreme Court held that the debtor with CMI greater than applicable median family income could not deduct local standards transportation ownership costs with respect to a car owned free of debt or leased.  Justice Kagan explained in *Ransom* that a chapter 13 debtor may claim a deduction from a local standard table "if but only if that deduction is appropriate...that is, if the debtor will incur that kind of expense during the life of the plan."  Ransom v. FIA Card Services, 131 S. Ct. 716, 724 (01/11/11).  The majority in *Ransom* declined to address whether a debtor was entitled to the entire local standards transportation ownership costs allowance when actual car debtor's lease expense was less than the IRS allowance amount.  However, in dicta, the majority did address whether the local standards specified by the IRS might function as a cap on expense deductions by a chapter 13 debtor.  Justice Kagan clearly stated:  "If a debtor's actual expenses exceed the amounts listed in the tables...the debtor may claim an allowance only for the specified sum, rather than for his real expenditures." 131 S. Ct. at 727.

6.   In the recently decided case, In re Harris, 522 B.R. 804 (Bankr. E.D.N.C. 12/24/14), the court correctly expanded the dicta from said *Ransom* decision.  The *Harris* court clearly noted that the language in *Ransom* is strongly persuasive and most instructive and clearly leads to no other conclusion that

Congress could not have intended this language to mean that above-median-income debtor is allowed to deduct the **higher** of the IRS standard actual monthly mortgage payment when the expense amount is not because that expense amount is not reasonably necessary.

   7.   The allowance of said non-existent expenses for above-median-income debtors creates a nasty bias against renters in §707(b)(2)(A) as well as for below-median-income debtors.

   8.   The allowance of said non-existent expenses for above-median-income debtors is not reasonably necessary under §1325(b)(2). Debtor's interpretation of the allowance as a minimum thereby attempting to create a windfall by providing for payment of $88,000.00 over the life of the plan and retaining a similar amount, $71,340.00, violates the intent of Congress in enacting BAPCPA by proposing to pay creditors the *minimum* she can afford. To the contrary, the Supreme Court has stated repeatedly that Congress designed the means test to measure disposable income and in that way, to ensure that the debtors repay creditors the *maximum* they can afford.

   In addition thereto, the allowance of said non-existent expenses for above-median-income debtors creates additional windfall and even more "breathing room" in the event of cram-downs, lien avoidances and surrendered collateral. *In re* Kramer, 495 B.R. 121 (Bankr. D. Mass 2013), *In re* Quigley, 673, F.3d 269 (4th Cir. 3/7/12), *In re* Blaies, 436 B.R. 35 (Bankr. E.D. Mich. 2010), *In re* Cooke, 2010 W.L. 4687953 (Bankr. E.D. Va. 11/10/10),

In re Darrohn, 615 F.3d 470 (6th Cir. 2010), In re Liehr, 439 B.R. 179 (B.A.P. 10th Cir. 2010), In re Turner, 574 F.3d 349 (7th Cir. 2009), In re Smith, 418 B.R. 359 (B.A.P. 9th Cir. 2009), In re Martinez, 418 B.R. 347 (B.A.P. 9th Cir. 2009), In re Maxwell, 2009 WL 9087769 (Bankr. E.D. Cal. 07/28/09).

9. It is undisputed that monthly expense amounts specified under the National Standards and Local Standards must be "applicable" and is likewise undisputed that expenses for categories specified as "other necessary expenses" issued by IRS must be "actual". It is likewise undisputed that these claimed expenses providing debtor with her requested "breathing room" are non-existent and therefore neither applicable nor actual and likewise neither reasonable nor necessary. Finally, it is undisputed that statute controls over forms.

10. In the instant case, the debtor relies on the distorted mathematics of Form B22C to retain, as a windfall, a total of $71,340.00 at the rate of $1,189.00 per month for 60 months during the entire pendency of the case "to provide breathing room." The sole basis for claiming additional monthly home and vehicle ownership expenses on lines 25B and 28 in excess of actual monthly post-petition contract payments (1/60th if applicable, on lines 47 and 48) is because it is on the form. The allowance of said non-existent expenses for above-median-income debtors based solely on Form B22C is inconsistent with a long line of cases that stand for the proposition that when the Code and the Official Bankruptcy Forms conflict, the Code controls because it ultimately is the statute not the form which is determinative. In re Harkins, 491

B.R. 518 (Bankr. S.D. Oh. 2013), *In re* Harmon, 435 B.R. 596 (B.A.P. 8th Circ. 2010), *In re* Wiegand, 386 B.R. 238 (B.A.P. 9th Cir. 2008).

WHEREFORE, the Trustee respectfully requests the court to disallow the non-existent expenses as neither actual nor reasonably necessary and inconsistent with the Supreme Court decisions in *Lanning* and *Ransom* and the recently decided *Harris* case and accordingly to enter an Order denying confirmation of debtor's plan filed February 19, 2015.

/s/ Cynthia A. Niklas Esq.
Cynthia A. Niklas #193367
Chapter 13 Trustee
4545 42nd ST NW #211
Washington, DC 20016-4623

**Certificate of Service**

I hereby certify that on April 28, 2015, a copy of the foregoing Trustee's Response/Objection, was served on the debtor's attorney electronically via the CM/ECF system and a copy was mailed, postage prepaid, to the remaining entities:

Crystal L. Wilkerson
1018 Galloway Street NE
Washington, DC  20011

Morgan Fisher
172 West Street
Annapolis, MD  21401

/s/ Cynthia A. Niklas Esq.
Cynthia A. Niklas