**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN RE: ) | |
| ) | |
|    CRYSTAL WILKERSON ) | |
| ) | Bankruptcy Case No. 14-00582 |
|    DEBTOR ) | Chapter 13 |
| ) | |

**REPLY TO TRUSTEE RESPONSE TO DEBTOR'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CONFIRMATION OF CHAPTER 13 PLAN**

COMES NOW, Crystal Wilkerson, by counsel and respectfully submits this reply to the Trustee's response to the Debtor's memorandum of points and authorities in support of confirmation of chapter 13 plan.

The Debtor's $1,500.00 a month payment satisfies the Trustee's interpretation of the means test or case law. Although the Debtor fervidly disputes the trustee's argument that the means test creates a cap on housing expenses and car expenses, it simply does not matter in this case. The Debtor's current B22c shows disposable income of $249.35. Assuming *arguendo* that the Trustee is correct then line 25 should be $0 (because the Debtor uses $923 on Line 47).[1] Unlike the Debtor's home, there is no corresponding line on the means test to offset her car payment as it is leased. Nonetheless, the Debtor could theoretically back out her entire car payment and her plan would still be confirmable. To wit: $249.35+ $923+ $202= $1,438.35. (CMI) + (Extra Housing) + (No Car Payment) = Trustee CMI. The Debtor's proposed plan payment is $1,500.

The Trustee's unfortunate use of "windfall" in supporting her position warrants at least

---

[1] It must be pointed out that this Court denied the Debtor's objection to the claim filed by the second mortgage holder. [Docket #52]. The Debtor avers that this particular second mortgage does not require a monthly payment. Nonetheless, this Court overruled the Debtor's objection to Second's claim because it believed the Debtor owes a recurring payment or that the Debtor had not presented sufficient evidence to the contrary. Thus, the Debtor would be well within her rights to amend her means test to include not only the payment on the arrears but a revolving monthly payment on Line 25B. Ironically, a payment to the second would not only benefit the Debtor's means test analysis but also benefit the Debtor after her bankruptcy case was complete (she would have more equity in her home). Of course, this would come at the expense of unsecured creditors.

some response. Ms. Wilkerson is a single mother working two jobs without child support. She has made financial mistakes but has chosen this particular venue to address these errors in a meaningful and constructive fashion. Others might opt to quit their second job, take a foreclosure or two and then file for chapter 7. (All of Ms. Wilkerson's debt is non-priority, unsecured debt.) Ms. Wilkerson has proposed a plan payment that exceeds both an I/J analysis or any interpretation of the means test. Ms. Wilkerson herself is contemplating an outright dismissal because she cannot handle the uncertainty of her case. It is staggering that a Debtor who has promised to pay $88,000 to her creditors cannot find relief because she has a low mortgage payment. Certainly, this cannot be the purpose of the bankruptcy code or chapter 13.

## CONCLUSION

The Debtor has met her burden and submitted a confirmable plan under the Bankruptcy Code. The Court should overrule the Trustee's Objection and enter a confirmation order.

Dated: Annapolis, Maryland
      May 6, 2015

Respectfully submitted on behalf of Debtor,

*/s/ Morgan W. Fisher*
Morgan W. Fisher (#486159)
Law Offices of Morgan Fisher LLC
172 West Street
Annapolis, MD 21401
PH: 410-626-6111
mwf@morganfisherlaw.com

*Attorney for Debtor*

## **CERTIFICATE OF SERVICE**

   Morgan W. Fisher an attorney licensed to practice law in the District of Columbia hereby certifies that on this day a copy of the foregoing pleading was served via U.S. Mail or cm/ecf to all parties on the master mailing matrix.

| | |
|---|---|
| Dated:  Annapolis, Maryland<br>   May 6, 2015 | Respectfully submitted on behalf of Debtor,<br><br>*/s/ Morgan W. Fisher*<br>Morgan W. Fisher |