The document below is hereby signed.

Signed: June 25, 2015



_S. Martin Teel, Jr._
_United States Bankruptcy Judge_

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CRYSTAL L. WILKERSON, | ) | Case No. 14-00582 |
| | ) | (Chapter 13) |
| Debtor. | ) | **Not for Publication in** |
| | ) | **West's Bankruptcy Reporter** |

MEMORANDUM DECISION AND ORDER RE CALCULATION OF DISPOSABLE
MONTHLY INCOME FOR PURPOSES OF CONFIRMATION OF CHAPTER 13 PLAN

The trustee has objected to the debtor's proposed variable rate chapter 13 repayment plan on the grounds that the above-median-income debtor has failed to devote all of her disposable monthly income to the plan, as required under 11 U.S.C. § 1325(b)(1)(B). Specifically, the trustee objects to the debtor's claim to home ownership and transportation ownership deductions that exceed the debtor's actual expenses for those categories of expenses. The debtor, by contrast, contends that she is entitled to take the full amount of the deduction for home and transportation ownership expenses listed in the IRS Standards notwithstanding that the debtor's actual expenses for those categories are less than the amounts listed in the Standards. The debtor's actual home ownership expense in this case is $923,

whereas the IRS Standard is $1,910, and the debtor's average monthly transportation ownership expense is $315, whereas the IRS Standard is $517.[1]  If the court limits the debtor to a deduction in the amount of her actual expenses rather than permitting the debtor to claim deductions for the full amounts listed in the IRS Standards, this will increase the debtor's monthly disposable income available for plan payments by $1,189.

Having reviewed the briefs and considered the relevant case law, I conclude that when calculating an above-median-income debtor's disposable monthly income, the debtor is not entitled to claim the full amount of the deduction for home and transportation ownership expenses listed in the IRS Standards if the debtor's actual expenses are less than the amounts listed in the IRS Standards.  Accordingly, the court sustains the trustee's objection to the debtor's claim to expenses that exceed her actual expenses for the relevant categories, and I will require the debtor to file an amended plan that properly devotes all of

---

[1]  At the March 20, 2015 hearing to address the trustee's objection to confirmation of the debtor's chapter 13 plan, there was some discussion regarding the appropriate calculation of the debtor's actual average monthly transportation expense.  I am unclear whether the parties reached agreement on that issue.  The parties did agree, however, that the debtor's actual monthly transportation expense is less than the amount provided for in the relevant IRS Standard.  For purposes of this decision, I assume without deciding that the debtor's actual monthly transportation ownership expense is $315.  The trustee remains free to challenge the precise figure should she choose to object to any amended plan filed by the debtor in this case.

her disposable monthly income to the repayment of unsecured creditors over the applicable commitment period, as required for confirmation under 11 U.S.C. § 1325(b)(1)(B).

I

Section 1325(b)(2) of 11 U.S.C. defines disposable income as "current monthly income received by the debtor . . . less amounts reasonably necessary to be expended." If a debtor's income is above the median income for her state, as is the case here, the means test is used to calculate what amounts are reasonably necessary to be expended. 11 U.S.C. § 1325(b)(3). Under the means test, the debtor is entitled to deduct from her income "the debtor's applicable monthly expense amounts specified under the National Standards and Local Standards, and the debtor's actual monthly expenses for the categories specified as Other Necessary Expenses issued by the Internal Revenue Service for the area in which the debtor resides . . . ." 11 U.S.C. § 707(b)(2)(A)(ii)(I).

The Supreme Court in *Ransom v. FIA Card Services*, 562 U.S. 61, 131 S. Ct. 716, 178 L. Ed.2d 603 (2011) considered the meaning of "applicable monthly expense amounts" under § 707(b)(2)(A)(ii)(I). In *Ransom*, the chapter 13 debtor sought to deduct a $471 transportation ownership expense in calculating his disposable monthly income notwithstanding that he owned his vehicle free and clear and did not actually incur a transportation ownership expense. The Court held that the Local

3

Standard expense amount for transportation ownership costs is not "applicable" to a debtor who will not incur any such costs during the term of his bankruptcy plan.  In other words, for a "monthly expense amount[]" to be "applicable," the debtor must, in fact, incur an expense of the type claimed.  The *Ransom* court's holding was limited, however, to the question of whether a debtor may claim a deduction for a particular category of expense when calculating his reasonable monthly expenses.  The *Ransom* court expressly declined to reach the question of what amount the debtor could claim as a deduction if the debtor did, in fact, incur an expense in the relevant category but in an amount less than provided for in the relevant IRS Standard.  *Ransom*, 562 U.S. at 75 n.8 (acknowledging that the parties had raised the issue but declining to resolve it).

   Post-*Ransom* decisions addressing this issue have arrived at different conclusions.  *See In re Harris*, 522 B.R. 804 (Bankr. E.D.N.C. 2014) (holding that a debtor's vehicle ownership expense deduction is limited to the debtor's actual expense if that expense is less than the amount provided for under the IRS Standard); *In re Daniel*, 2012 WL 3322438 (Bankr. M.D. Ala. May 30, 2012) (debtor cannot claim the full deduction listed under the IRS Standard if his actual expense is less); *In re Miranda*, 449 B.R. 182 (Bankr. D.P.R. 2011) (holding that a debtor may claim the full amount specified in the Standards even if debtor's

4

actual expenses are less); *In re Scott*, 457 B.R. 740 (Bankr. S.D. Ill. 2011) (debtors may deduct the full transportation ownership expense amount listed in the IRS Standard even if the debtor's actual car payment is less).

I find *Harris* to be the better reasoned of the post-*Ransom* decisions addressing this issue.  The *Harris* court concluded that an expense amount is only "applicable" to a debtor to the extent it is actually incurred, with the IRS Standard serving merely as a cap to the amount of the deduction a debtor may claim.  I agree with the *Harris* court that this is a logical extension of the *Ransom* decision.  Accordingly, I hold that in the calculation of an above-median-income debtor's disposable monthly income, debtors may not claim home and transportation ownership deductions that exceed their actual expenses in those categories of expenses.

                                II

It is

ORDERED that, consistent with this memorandum decision, the trustee's objection to confirmation of the debtor's chapter 13 plan on the grounds that the debtor has failed to devote all of her disposable monthly income to the repayment of unsecured creditors during the applicable commitment period is SUSTAINED without prejudice to the debtor filing an amended plan that

5

satisfies the requirements of confirmation under 11 U.S.C. § 1325.

[Signed and dated above.]

Copies to: Debtor; recipients of e-notification of filings.