The order below is hereby signed.

Signed: September 18 2015



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| CRYSTAL L. WILKERSON, | ) | Case No. 14-00582 |
| | ) | (Chapter 13) |
| Debtor. | ) | |

### ORDER TO SHOW CAUSE WHY CASE OUGHT NOT BE DISMISSED

On June 25, 2015, the court entered an order sustaining the trustee's objection to the debtor's chapter 13 plan without prejudice to the debtor filing an amended plan that satisfies the requirements of confirmation under 11 U.S.C. § 1325 (Dkt. No. 63). The debtor has appealed the court's ruling to the District Court, and on August 26, 2015, the District Court certified the matter for direct appeal to the Court of Appeals.

The filing of the appeal did not stay these proceedings and the debtor has not filed a motion to stay these proceedings. Given the desirability of having binding circuit authority on the issues presented, however, I would be inclined to grant such a motion if the parties intend to pursue the direct appeal to the Court of Appeals. Likewise, a direct appeal to the Court of Appeals would shorten the time necessary definitively to resolve

the issues presented.

It is unclear whether the parties intend to pursue a direct appeal in the Court of Appeals.  Under Fed. R. Bankr. P. 8006(g), "[w]ithin 30 days after the date the certification becomes effective under [Fed. R. Bankr. P. 8006(a)], a request for permission to take a direct appeal to the court of appeals must be filed with the circuit clerk in accordance with F.R. App. P. 6(c)."  In other words, the Court of Appeals will not grant permission to pursue the instant appeal directly unless a petition for permission to appeal pursuant to 28 U.S.C. § 158(d) and Fed. R. Bankr. P. 8006 is filed under F.R. App. P. 5(a) by September 25, 2015.[1]  It does not appear that such a request has been filed.  It is

ORDERED that within 7 days after the entry of this order, the debtor shall file with the court a motion to stay these proceedings to allow for the direct appeal of this court's order sustaining the trustee's objection to confirmation to the Court of Appeals, file an amended plan that can be confirmed, or show cause, by a writing filed with the court, why this case ought not be dismissed due to the failure to file a confirmable plan.

---

[1] Rule 8006(g) indicates that the request for permission must be filed with the circuit clerk in accordance with F.R. App. P. 6(c), which in turn incorporates all of F.R. App. P. 5 except for F.R. App. P. 5(a)(3).  Rule 5(a)(1) requires the request to be in the form of "a petition for permission to appeal."

[Signed and dated above.]

Copies to: Debtor; debtor's attorney; Chapter 13 trustee; recipients of e-notification of filings.