# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| IN RE: ) | |
| ) | |
| CRYSTAL WILKERSON ) | |
| ) | Bankruptcy Case No. 14-00582 |
| DEBTOR ) | Chapter 13 |
| _____ ) | |

## MOTION TO STAY BANKRUPTCY CASE

Crystal Wilkerson, Debtor in the above-captioned Chapter 13 case ("Ms. Wilkerson or the "Debtor"), by and through undersigned counsel, pursuant to Rule 8007 of the Federal Rules of Bankruptcy Procedure files her Motion to Stay Bankruptcy Case in part. In support thereof, the Debtor states as follows:

### Background

1. Ms. Wilkerson filed bankruptcy petition under Chapter 13 of the Bankruptcy Code on October 4, 2014. Ms. Wilkerson makes approximately $125,000 a year at two jobs, above the median income. Accordingly, her proposed Chapter 13 plan to manage her significant debt would require her to pay $900 per month for two months, $1,100 per month for two months, and $1,500 per month for 56 month. Over five years, the total base funding for the plan would be $88,000, approximately $82,668 of which would go to unsecured creditors.

2. In calculating her disposable monthly income for purposes of the plan and payments to unsecured creditors, Ms. Wilkerson deducted allowances for home and motor vehicle expenses in the amounts set forth in the Local Standards, $1,910 and $517, respectively. Her actual monthly payments were $923 and $315, respectively.

3. Ms. Wilkerson filed a Memorandum of Points and Authorities in Support of Confirmation of the Chapter 13 Plan on April 8, 2015. The Chapter 13 Trustee filed an Objection on April 28, 2015, contending that Ms. Wilkerson's actual payments, rather than the

allowances, should be used to calculate her monthly disposable income. This Court issued an opinion on June 25, 2015, sustaining the Chapter 13 Trustee's objection.

4. On July 9, 2015, Ms. Wilkerson filed a notice of appeal and moved for leave to appeal this case to the Federal District Court for the District of Columbia, pursuant to Fed. R. Bank. P. 8004 and 28 U.S.C. §158(a)(3), which provides for the appeal of interlocutory orders in bankruptcy proceedings. The District Court granted Appellant's Motion on July 27, 2015. The Trustee moved to vacate the District Court's Order on July 29, 2015, which Ms. Wilkerson opposed on August 12, 2015. Appellant filed her appellate brief in the District Court on August 25, 2015. The following day, on August 26, 2015, the District Court denied the Trustee's Motion to Vacate and, *sua sponte*, certified the case to the Court of Appeals for the D.C. Circuit without ruling on the merits. The District Court, in that Order, attached hereto as *Exh. A*, stated that, "[t]he progress of bankruptcy cases is clearly shortened by taking a direct appeal to the Court of Appeals. Obviously, the Court of Appeals could decide the issue in one round of briefing, instead of at a much later stage in the case after all briefing, argument, and decision-making by the District Court Judge occurred."

5. On September 25, 2015, Ms. Wilkerson will file a Petition for Direct Appeal.[1]

**Relief Requested and Basis for Relief**

6. The Debtor requests that the Court stay the underlying bankruptcy case but, pursuant to Rule 8007(e)(2) permit the Debtor to continue making her monthly plan payments to the Chapter 13 Trustee. The Debtor is paying $1,500.00 per month to the Chapter 13 Trustee. If the Court of Appeals affirms the Order sustaining the Trustee's Objection, Ms. Wilkerson's

---

[1] The Petition is currently being hand delivered to the United States Court of Appeals for the District of Columbia. Attached hereto as *Exh. B* is a copy of the Petition that will be submitted.

payment will increase. Permitting the Debtor to make payments (which by all accounts are sizeable plan payments) will soften the blow should Ms. Wilkerson be unsucessful. Conversely, suspending her plan payments in their entiritety while the Court of Appeals decides would be unfair to the estate. Stated differently, the best and fairest course of action is to permit Ms. Wilkerson to make her current plan payment. Ms. Wilkerson requests that the Court stay plan confirmation for forty-five (45) days after the Court of Appeals renders its decision. The forty-five days will allow Ms. Wilkerson to propose a confirmable plan that can circulate if she is unsucessful in her appeal.

WHEREFORE, the Debtor respectfully requests that the bankruptcy case be stayed in part and for such other and further relief as to the Court may seem just and proper.

Dated: September 25, 2015
Annapolis, Maryland

Respectfully submitted on behalf of Plaintiff,

*/s/ Morgan W. Fisher*
Morgan W. Fisher #486159
Law Offices of Morgan Fisher LLC
172 West St.
Annapolis, MD 21401
Phone: (410) 626-6111
Fax: (410) 267-8072

**CERTIFICATE OF SERVICE**

      Morgan William Fisher, an attorney licensed in the District of Columbia, hereby certifies that on this 25th day of September 2015, a copy of the foregoing Motion to Stay was sent to the Chapter 13 Trustee via cm/ecf and all other parties on the master mailing matrix.

                                                                       /s/ Morgan W. Fisher
                                                                       Morgan W. Fisher

Case 14-00582    Doc 77    Filed 09/25/15    Entered 09/25/15 11:41:00    Desc Main
              Document      Page 4 of 4